IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Cardell Gauf,  )
            Petitioner,  )  No. CV 06-0804-PHX-DGC (JCG)
)
vs.  )  **ORDER**
)
J. Ontiveres, et al.,  )
            Respondents.  )
)

      Petitioner, Cardell Gauf, who is presently confined in the Kaibab North Unit of the Arizona State Prison Complex in Winslow, Arizona, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Guerin for Report and Recommendation. Before the Court are the Petition for Writ of Habeas Corpus ("Petition") (Doc. No. 1), Respondents' Response to Petition for Writ of Habeas Corpus ("Answer") (Doc. No. 13), and Petitioner's Reply (Doc. No. 17). The Magistrate Judge recommends that the District Court deny the Petition.

## **FACTUAL AND PROCEDURAL BACKGROUND**

      On May 4, 2001, the Maricopa County Grand Jury indicted Petitioner on two counts: armed robbery, a Class 2 dangerous felony, and aggravated assault, a Class 3 dangerous felony. (Answer, Ex. A.) The State further alleged that Petitioner had seven prior felony convictions, dating back to 1975, and that the armed robbery was a dangerous offense because Petitioner used a knife. (Answer, Exs. B & C.) On August 23, 2001, the jury found Petitioner guilty on both counts. (Answer, Ex. E.) The trial court sentenced Petitioner to 18

1  years' imprisonment for armed robbery with two prior felony convictions, and 13 years'
2  imprisonment for aggravated assault with two prior felony convictions, to be served
3  consecutively. (Answer, Ex. H.)

4  On November 3, 2001, Petitioner filed a pro se notice of post-conviction relief.
5  (Answer. Ex. J.)  On March 4, 2002, Petitioner filed a counseled motion to withdraw his
6  notice of post-conviction relief without prejudice pending the outcome of his direct appeal.
7  The trial court granted the motion on April 18, 2002. (Answer, Ex. L.)

8  On May 3, 2002, Petitioner's counsel filed an opening appellate brief under *Anders*
9  *v. California*, 386 U.S. 738 (1967) stating that she fond no arguable question of law that was
10 not frivolous. (Answer, Ex. M.)  Counsel noted, however, that Petitioner had requested that
11 she raise the following issues:

12     (1)    Pretrial identification done by potential witnesses on the day of trial but before
13             commencement of trial;
14     (2)    Three key prosecution witnesses identified Petitioner with the help of
15             prosecution before those witnesses were sworn in;
16     (3)    Pretrial identification was extremely prejudicial and tainted the jury. (*Id*.)

17 The Court of Appeals granted Petitioner an opportunity to file a supplemental brief;
18 Petitioner did so, raising three additional issues:

19     (1)    ineffective assistance of counsel;
20     (1)    prosecutorial misconduct, and
21     (2)    judicial error.

22 (Answer, Ex. N).[1]  On October 29, 2002, the Court of Appeals issued a memoradum decision
23 affirming Petitioner's conviction.  (Answer, Ex. N). Petitioner did not file a petition for
24 review by the rizona Supreme Court.

---

26 [1] A copy of Petitioner's supplemental brief was not provided to this Court by either
Petitioner or  Respondents.  The contents of Petitioner's supplemental brief are therefore
27 determined by review of the Court of Appeals memorandum decision.

28
- 2 -

On October 2, 2002, Petitioner filed a pro se notice of post-conviction relief. (Answer, Ex. O.) On December 16, 2002, Petitioner's counsel filed a notice of completion of post-conviction review, stating that she was unable to find any colorable claims for relief to raise on Petitioner's behalf. (Answer, Ex. P.)  Petitioner subsequently filed a pro se Rule 32 petition on February 5, 2003, raising six claims for relief:

(1) A statement obtained in the absence of a lawyer at a time when representation was constitutionally required was admitted at trial;

(2) Petitioner was denied effective assistance of trial counsel because (a) trial counsel would not let him review his file, (b) trial counsel refused his request to continue his arraignment, (c) trial counsel was unkind to him, (d) trial counsel refused to get him a doctor not employed by the State, (e) trial counsel lied to him, (f) trial counsel failed to argue that one of the witnesses was lying during testimony, (g) trial counsel failed to object to the prosecution's argument in favor of sentence-enhancement, (h) trial counsel failed to inform Petitioner's family of the court dates, (i) trial counsel failed to object to arguments made by the prosecution during trial, (j) trial counsel failed to answer Petitioner's phone calls, (k) trial counsel failed to depose one of the witnesses prior to trial, and (l) trial counsel stated during sentencing that a child was present during the armed robbery;

(3) The trial court lacked jurisdiction over Petitioner's trial;

(4) In determining Petitioner's sentence, the trial court considered a prior conviction obtained in violation of the United States or Arizona constitutions, and

(5) The trial court's sentence violated sentencing procedures established by rule or statute.

(Answer, Ex. Q.) On November 14, 2003, the trial court summarily dismissed Petitioner's Rule 32 petition. (Answer, Ex. T.)

- 3 -

On October 19, 2004, Petitioner filed a pro se petition for review by the Arizona Court of Appeals, in which he presented three claims:

(1) Petitioner was denied effective assistance of trial counsel because (a) trial counsel failed to object to the trial court's finding of two prior convictions without a determination that Petitioner was represented by counsel during the prior felony proceedings, (b) trial counsel failed to object to the trial court's failure to impose community supervision terms during sentencing, (c) trial counsel failed to object to the trial court's imposition of aggravated terms of imprisonment, (d) trial counsel failed to object to the trial court's nullification of the jury's verdict of dangerous for both offenses, (e) trial counsel advised Petitioner not to testify, (f) trial counsel failed to request jury instructions on a lesser included offense, (g) trial counsel failed to impeach witness with prior inconsistent statements, (h) trial counsel misled Petitioner into believing his case would be dismissed, and therefore Petitioner decided not to plead guilty, (i) trial counsel failed to properly communicate with Petitioner, and (j) trial counsel failed to request discovery of the fingerprints found on the weapon used at the scene;

(2) Petitioner was denied effective assistance of appellate counsel, and

(3) Petitioner was denied due process when the trial court refused to conduct a fact-finding hearing regarding Petitioner's claim that his trial counsel was ineffective and his request for appointment of new counsel.

(Answer, Ex. U.) On August 10, 2005, the Court of Appeals summarily denied Petitioner's petition. (Answer, Ex. W.)

On March 20, 2006, Petitioner filed his Petition for Writ of Habeas Corpus in federal court. In his Petition, Petitioner presents three claims for relief:[2]

**Ground 1:** Petitioner was denied effective assistance of trial counsel because his trial counsel failed to move for discovery of latent fingerprints on the weapon involved in the armed robbery;

**Ground 2:** Petitioner was denied effective assistance of appellate counsel, and

**Ground 3:** Petitioner's sentence violated *Blakely v. Washington.*

## **DISCUSSION**

The Magistrate recommends that the Petition be denied because Petitioner has failed to exhaust his state court remedies with respect to Grounds 1, 2 and 3.

Ordinarily, before a federal court will consider the merits of a habeas petition, the petitioner must exhaust the remedies available to him in state court. 28 U.S.C. §2254(b)(1)(A); *Picard v. Connor*, 404 U.S. 270, 275 (1971). First enunciated in *Ex parte Royall*, 117 U.S. 241 (1886), the exhaustion requirement is designed "not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). The requirement is grounded in principles of comity, and reflects a desire to protect state courts' role in the enforcement of federal law. *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (citation omitted). The requirement is also based on a pragmatic consideration that fully exhausted claims will usually be accompanied by a complete factual record once they reach federal court. *Rose v. Lundy*, 455 U.S. 509, 519 (1982).

---

[2] Petitioner's Petition is somewhat hard to follow because Petitioner identifies a specific "Ground" by heading but then raises several different issues within that Ground. The Court has construed each issue identified by Petitioner as a separate Ground, despite the captioning of the Petition.

A petitioner must exhaust his claims by fairly presenting them in state court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of habeas corpus claims pursuant to 28 U.S.C. § 2254. *See Rose*, 455 U.S. at 519. A petitioner must have also presented his claim in a procedural context in which its merits will be considered. *See Castille*, 489 U.S. at 351. A habeas petitioner's claims may be precluded from federal review on exhaustion grounds in either of two ways. First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. *See Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). Second, the claim may be procedurally defaulted in federal court if the petitioner failed to present the claim in a necessary state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1. If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *See Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

**1.    Ground 1**

To properly exhaust state remedies, the petitioner must "fairly present" his claims in state court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). A claim is "fairly presented" if the petitioner has described the operative facts and the federal legal theory on which his claim is based so that the state courts have a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim. *Anderson v. Harless*, 459 U.S. 4, 6 (1982). In his federal Petition, Petitioner alleges only one set of operative facts in support of his claim of ineffective assistance of counsel: Petitioner was denied effective assistance of trial counsel because his trial counsel failed to move for discovery of latent fingerprints on the weapon involved in the armed robbery. These facts were also alleged in

1 support of the ineffective assistance of trial counsel claim raised by Petitioner in his petition
2 for review by the Arizona Court of Appeals. They were not, however, raised in Petitioner's
3 Rule 32 petition. Ground 1 was therefore not properly raised in state court.

**2.     Ground 2**

Petitioner has failed to exhaust Ground 2 of his Petition. Petitioner failed to present Grounds 2 to the state trial court prior to filing his federal Petition, and instead raised a claim of ineffective assistance of appellate counsel for the first time in his petition for review by the Arizona Court of Appeals. Ground 2 of the Petition was therefore not properly raised in state court.

**2.     Ground 3**

To properly exhaust state remedies, the petitioner must "fairly present" his claims in state court. *See O'Sullivan*, 526 U.S. at 848. A claim is "fairly presented" if the petitioner has described the operative facts and the federal legal theory on which his claim is based so that the state courts have a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim. *See Anderson*, 459 U.S. at 6. Petitioner did not fairly present Ground 3 to the state court prior to filing his federal Petition. Although Petitioner claim in his Rule 32 petition that "the trial court's sentence violated sentencing procedures established by rule or statute," (Answer, Ex. Q), Petitioner did not specifically argue to the trial court that his sentence violated his federal constitutional rights because it was issued in violation of *Blakely v. Washington*. Thus, Petitioner did not present his sentencing claim as a federal legal claim in state court. Moreover, Petitioner did not raise the sentencing issue in his petition for review by the Arizona Court of Appeals. *See Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999) (holding that, in cases not carrying a life sentence or the death penalty, "claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.").

Petitioner did not properly present Grounds 1, 2 or 3 in either his direct appeal or his Rule 32 petition and cannot raise those claims for the first time in federal court. Petitioner

1 is now precluded by Arizona Rules of Criminal Procedure 32.2(a)(3) and 32.4 from obtaining relief on Grounds 1, 2 and 3 in state court absent an applicable exception, which Petitioner does not assert. *See* Ariz. R. Crim. P. 32.2(b); 32.1(d)-(h).  Thus, Grounds 1, 2 and 3 are technically exhausted but procedurally defaulted, absent a showing of cause and prejudice or a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 749-50 (citations omitted; internal quotation marks omitted); *Thomas v. Goldsmith*, 979 F.2d 746, 749 (9th Cir. 1992). Petitioner has not presented any arguments in his Petition which constitute a showing of cause and prejudice or a fundamental miscarriage of justice. Petitioner argues in his Reply that he was unable to exhaust his state court remedies because he is illiterate and was not provided with any assistance in preparing his pro se filings. A claim of illiteracy, however, is insufficient to meet the cause standard. *See Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905 (9th Cir. 1986). Accordingly, Petitioner is not entitled to relief on Grounds 1, 2 or 3.

## RECOMMENDATION

Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order DENYING the Petition for Writ of Habeas Corpus.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within ten days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **No. CV 06-0804-PHX-DGC**.

The Clerk is directed to mail a copy of the Report and Recommendation to Petitioner and counsel for Respondents.

DATED this 10th day of April, 2007.

Jennifer C. Guerin
United States Magistrate Judge