**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cardell Gauf, | No. CV-06-804-PHX-DGC (JCG) |
| Petitioner, | **ORDER** |
| vs. | |
| J. Ontiveres, et al., | |
| Respondents. | |

Pending before the Court are Cardell Gauf's petition for writ of habeas corpus and United States Magistrate Judge Jennifer Guerin's Report and Recommendation ("R&R"). Dkt. ##1, 20. The R&R recommends that the Court deny the petition. Dkt. #20 at 8. Petitioner has filed objections to the R&R. Dkt. #23. For the reasons set forth below, the Court will accept the R&R and deny the petition.

**I.    Background.**

On August 23, 2001, Petitioner was convicted of armed robbery and aggravated assault and sentenced to 31 years in prison. Dkt. #20 at 1-2. The Arizona Court of Appeals affirmed the conviction on direct appeal. *Id.* at 2. The trial court summarily dismissed Petitioner's first pro se Rule 32 petition on November 14, 2003 (*id.* at 3), and the Arizona Court of Appeals summarily denied his pro se petition for review on August 10, 2005. *Id.* at 4. In his habeas petition, Petitioner argues that (1) he was denied effective assistance of counsel because his trial counsel did not move for discovery of latent fingerprints found on the weapon used in the robbery; (2) he was denied effective assistance of appellate counsel;

1  and (3) his sentence violated *Blakely v. Washington*.

**II.    Standard of Review.**

Under the Antiterrorism and Effective Death Penalty Act of 1996, the Court may not grant habeas relief unless Petitioner has exhausted his claims in state court. 28 U.S.C. § 2254(b)(1); *see Gray v. Netherland*, 518 U.S. 152, 161 (1996). To exhaust his claims, Petitioner must fairly present them to the state's highest court in an appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 839-46 (1999). In Arizona, a petitioner may exhaust state remedies by fairly presenting his claims to the Arizona Court of Appeals through the direct appeal process or through appropriate requests for post-conviction relief. *Swoopes v. Sublett*, 196 F.3d. 1008, 1010 (9th Cir. 1999). To fairly present claims, a petitioner must describe the operative facts and the federal legal theory on which they are based. *Tamalini v. Stewart*, 249 F.3d 895, 898-99 (9th Cir. 2001) (quoting *Bland v. Cal. Dep't of Corrections*, 20 F.3d 1469, 1472-73 (9th Cir. 1994), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc)).

Procedural default may occur in two ways. First, it may occur when a state court finds a claim barred on procedural grounds that are independent of the merits of the federal claim and that provide an adequate basis for the court's decision. *Harris v. Reed*, 489 U.S. 255, 262 (1989). Second, it may occur when the petitioner failed to raise the claim in state court and the federal court finds that "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). If a petitioner's claims are procedurally defaulted, federal habeas review is precluded unless the petitioner can show that a miscarriage of justice would result if he is not allowed to bring his habeas petition or that cause and actual prejudice should excuse the default. *Id.* at 753.

**III.   Discussion.**

The R&R concludes that, for various reasons, Petitioner's three grounds for relief in his habeas petition were not properly exhausted in state court and are now procedurally defaulted. Dkt. #20 at 6-8. The R&R states that Ground I, the ineffective assistance of trial

- 2 -

1  counsel claim, was not raised properly in state court because Petitioner made the argument
2  in his petition for review of the trial court's denial of his Rule 32 petition, but did not make
3  the argument in the Rule 32 petition itself. *Id*. at 6-7. Ground II, the claim for ineffective
4  assistance of appellate counsel, was also raised for the first time in the petition for review to
5  the Arizona Court of Appeals. *Id*. at 7. Ground III, Petitioner's argument that his sentence
6  violated *Blakely*, was not fairly presented to the Arizona courts both because Petitioner did
7  not explicitly indicate the federal nature of his claim and because he did not raise the issue
8  in his petition for review to the Arizona Court of Appeals. *Id*. at 7-8.

9  Petitioner does not specifically object to the R&R, arguing instead that his petition
10  was dismissed "on procedural grounds beyond his control" because he was "without
11  mandated, adequate, effective, and meaningful acces[s] to court." Dkt. #23 at 2 (citing
12  *Bounds v. Smith*, 430 U.S. 817, 822 (1977); *Gluth v. Kangas*, 951 F.2d 1504 (9th Cir. 1991)).
13  Yet Petitioner never explains why he believes the R&R mistakenly found that his claims
14  were procedurally defaulted. Non-specific objections to a magistrate's recommendation are
15  functionally equivalent to no objections at all. *See Sullivan v. Schriro*, No. CV-04-1517-
16  PHX-DGC, 2006 WL 1516005, at *1-2 (D. Ariz. May 30, 2006). Because Petitioner has
17  failed to provide a specific objection to the magistrate's decision, the Court need not review
18  the Magistrate's findings. *Id*; *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121
19  (9th Cir. 2003) (holding that a court need not review any part of the R&R that was not the
20  subject of a specific objection).

21  Petitioner also asks the Court to stay the habeas proceedings while another Rule 32
22  petition for post-conviction relief is pending in state court. Dkt. #23 at 2. The state trial
23  court has summarily denied his petition. Dkt. #23-2, Ex. A at 1. The petition is now pending
24  in the Arizona Court of Appeals. The Court will not stay the habeas proceedings on the basis
25  of this Rule 32 petition, which was filed on January 31, 2007, long after Petitioner filed his
26  habeas corpus petition on March 20, 2006.

27  **IT IS ORDERED:**

28  1.  The Magistrate Judge's Report and Recommendation (Dkt. #20) is **accepted**.

1  2. Petitioner's petition for writ of habeas corpus (Dkt. #1) is **denied**.

2  3. The Clerk of Court shall **terminate** this action.

3  DATED this 11th day of June, 2007.

*David G. Campbell*
United States District Judge